UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG E. TANNER and GINA L. TANNER, <br><br>  Plaintiffs, <br><br>  v. <br><br> J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., et al., <br><br>  Defendants. | Case No.: 1:16-cv-00711 - LJO - JLT <br><br> ORDER GRANTING COUNSELS' MOTION TO WITHDRAW AS ATTORNEY OF RECORD <br><br> (Doc. 11) |

On June 1, 2016, attorney Kenley Dygert filed a motion to withdraw as attorney of record for Plaintiffs Craig E. Tanner and Gina L. Tanner. (Doc. 7.) Mr. Dygert asserts JT Legal Group is unable to continue representing f Plaintiffs because the attorney/client relationship has been compromised. (Doc. 7-1 at 2.) Neither Plaintiffs nor Defendants submitted opposition to this motion and the plaintiffs did not appear at the hearing. For the following reasons, Mr. Dygert's motion to withdraw is **GRANTED**.

**I.      Procedural History**

Plaintiffs commenced this suit by filing their complaint in state court on February 9, 2016, claiming Defendants and Does 1-20 violated Cal. Civil Code §2924.11(c), were in breach of contract, acted negligently, and participated in unfair business practices. (*See generally* Doc. 1-1.) Plaintiffs also assert a promissory estoppel claim against Defendants and Does 1-20. (*See generally Id*.) Further, Plaintiffs request the court grant injunctive relief pursuant to Cal. Civil Code §2924.12. (*See*

*generally Id*.)  Subsequently, Defendants removed to this Court on May 20, 2016. (*See* Doc. 1.)  Then on June 1, 2016, Plaintiffs' counsel filed the motion now pending before the Court, seeking to withdraw as counsel.  (Doc. 7.)  To date, neither Plaintiffs nor Defendants have opposed the motion to withdraw.

## II.     Legal Standard

The Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California govern the withdrawal of counsel. *See* LR 182(d).  Under the Rules of Professional Conduct, withdrawal of representation is allowed if a client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R.P.C. 3-700(C)(1)(d).  For withdrawal under Local Rule 182(d), an attorney who has appeared in the action "may not withdraw leaving the client in propria persona" without the Court's permission. Further, the attorney must also ensure the client and all other parties that have appeared are receive notice of the motion to withdraw through proper service.  CRC 3.1362(d); *see also* LR 182(d).  The attorney then must "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion" to the Court.  LR 182(d). Similarly, California's rules require the attorney also give "due notice to the client, allowing time for employment of other counsel."  Cal. R.P.C. 3-700(A)(2).

The Court's decision to grant a motion to withdraw is discretionary.  *See* LR 182(d). To determine whether withdrawal is appropriate, the Court may consider: (1) the reasons for withdrawal, (2) possible prejudice to other litigants, (3) resulting harm to the administration of justice, and (4) any possible delay caused by the withdrawal.  *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *3-4 (E.D. Cal. Jan. 13, 2009).

## III.    Discussion and Analysis

Mr. Dygert states he is unable to continue effective representation because the attorney/client relationship has been compromised.  (Doc. 7-1 at 2.)  According to counsel, Plaintiffs failed to maintain their duties when they breached the attorney client retainer agreement.  (*Id*.)  The declaration and the proof of service of the motion to withdraw indicates Plaintiffs and all other parties were served with the proper documents, as required under the California Rules.  (Doc. 9-1 at 2; *see also* Doc. 7-1 at

2

2.) To date, neither Plaintiffs nor Defendants oppose the motion, suggesting that the possible prejudice to other litigants is either non-existent or likely to be small.  Additionally, this case has not yet been scheduled and no trial has been set, so the withdrawal is unlikely to cause delay.  Finally, the Court does not find there would be any harm to the administration of justice.

**IV.   Conclusion and Order**

Kenley Dygert followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules when submitting the motion to withdraw as Plaintiffs' attorney, and stated adequate reasons for the withdrawal.  Further, granting the motion is unlikely to result in prejudice to other litigants or any delays.  Thus, the Court is exercising its discretion to grant the motion to withdraw.  *See* LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to withdraw (Doc. 13) is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** Kenley Dygert, Nicholas Van Parys, Jack Ter-Saakyan, and Armine Sing as "Lead Attorneys to be Noticed" for Plaintiffs in the Court docket, and update the docket to reflect Plaintiffs' pro se status and last known contact information as follows:

    Craig E. Tanner and Gina L. Tanner
    11265 Steinhoff Road
    Frazier Park, CA 93301

3. No later than **July 29, 2016**, Plaintiffs **SHALL** file a notification indicating whether they intend to represent themselves going forward, or whether they will retain a new attorney.  If Plaintiffs intend to hire an attorney, they **SHALL** state when this will occur.

**Plaintiffs are advised that failure to comply with this or any order of the Court may result in the action being dismissed.**

IT IS SO ORDERED.

Dated:   **July 18, 2016**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

3