## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG TANNER and GINA TANNER,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>      v.  )<br>  )<br>J.P. MORGAN CHASE NATIONAL  )<br>CORPORATE SERVICES, INC., et al.,  )<br>  )<br>      Defendants.  )<br>_____ ) | Case No.: 1:16-cv-0711 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE THE ACTION |

      Craig Tanner and Gina Tanner contend the defendants are liable for violations of California law related to a short sale and non-judicial foreclosure of their residence. (*See generally* Doc. 10) However, Plaintiffs have failed to comply with the Court's orders and failed to prosecute this action. Accordingly, the Court recommends the action be **DISMISSED** with prejudice.

**I.    Relevant Background**

      On July 18, 2016, the Court granted the motion filed by Kenley Dygert to withdraw as counsel for Plaintiffs. (Doc. 14) The Court ordered Plaintiffs to "file a notification with the Court indicating whether they intends to represent themselves going forward or whether they will retain a new attorney" no later than June 29, 2016. (*Id.* at 3) The Court instructed Plaintiff that if they intended to hire an attorney, they must notify the Court regarding when that would occur. (*Id.*)

      Plaintiffs failed to respond to the Court's order. As a result, the Court issued an order to show cause why the action should not be dismissed for the failure to respond to the Court's order, or in the

alternative, "to file a notification indicating whether they intend to represent themselves." (Doc. 18 at 2) To date, Plaintiffs have not responded to either order of the Court, or taken any further action to prosecute the matter.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this

action in abeyance given Plaintiff's failure to comply with the Court's orders and failure to prosecute. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Significantly, the Ninth Circuit determined a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the requirement that less drastic sanctions be considered. *Malone*, 833 F.2d at 131; *see also Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a [court] order." *Malone*, 833 F.2d at 133.  Here, Plaintiffs was warned that "**failure to comply with … any order of the Court may result in the action being dismissed**."   (Doc. 14 at 3, emphasis in original). Again, in the order to show cause Plaintiffs were advised that failure to comply with the Court's orders would result in dismissal of action. (Doc. 18 at 1-2)  Thus, Plaintiffs received adequate warning that dismissal would result from their noncompliance with the Court's orders, which satisfies the Court's obligation to consider lesser sanctions.  *See Malone*, 833 F.2d at 131.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.   Findings and Recommendations

Plaintiffs failed to comply with, or otherwise respond to, the Court's orders dated July 18, 2016 (Doc. 14) and August 3, 2016 (Doc. 18).  Consequently, Plaintiffs also failed to continue the prosecution of this action.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED with prejudice**;
2. Remaining motions be terminated as MOOT; and
3. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

   Dated:   **August 29, 2016**                              **/s/ Jennifer L. Thurston**
                                                                                                 UNITED STATES MAGISTRATE JUDGE